Kimeta PURISIC,[1] Petitioner,

v.

Alberto GONZALES, Respondent.

No. 05–6037–ag.

United States Court of Appeals,
Second Circuit.

Aug. 23, 2007.

Alexandra V. Tseitlin, Law Office of Alexandra V. Tseitlin, P.C., New York, NY, for Petitioner.

Matt M. Dummermuth, United States Attorney for the Northern District of Iowa, Lawrence D. Kudej, Assistant United States Attorney, Cedar Rapids, IA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Kimeta Purisic, a native of Montenegro and citizen of the former Serbia–Montenegro,[2] seeks review of an October 14, 2005 order of the BIA affirming

---

1. We have altered the official caption in this case to reflect the spelling of the petitioner's name as indicated in her brief and in the agency proceedings below.

2. We note that in June 2006, Montenegro severed its ties with Serbia and declared its independence as a sovereign nation. *See* CIA World Factbook, available at: www.cia.gov. We do not find however, that this fact changes our analysis in this case.

the September 1, 2004 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz, denying her application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Kimeta Purisic,* No. A78 416 872 (B.I.A. Oct. 14, 2005), *aff'g* No. A78 416 872 (Immig. Ct. N.Y. City Sept. 1, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004) (overruled on other grounds). A determination "based on flawed reasoning ... will not satisfy the substantial evidence standard," and the agency's use of "an inappropriately stringent standard ... constitutes *legal,* not factual error." *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005) (internal quotation marks omitted). Here, even assuming that Purisic experienced past persecution, we agree with the IJ that changed country conditions in Montenegro undermined the reasonableness of her fear of future persecution or torture.

■ A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). However, that presumption may be rebutted where the government establishes a fundamental change in circumstances. *Id.;* 8 C.F.R. § 1208.16(b)(1). Here, the government met its burden of proof in rebutting any presumptive fear of persecution or torture Purisic may have had by submitting into the record evidence indicating a fundamental change in conditions in Serbia–Montenegro.[3]

The IJ reasonably relied on background reports that show Serbia–Montenegro becoming safer and more stable. Although, as the government concedes, the IJ's analysis of the background materials is brief, "an immigration judge need not enter specific findings premised on record evidence when making a finding of changed country conditions" if, as here, "a country ... is the subject of an appreciable portion of asylum claims (and, as a result, we can safely assume that IJs have developed considerable expertise related to that country's current conditions)." *Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006).

As the government points out, the 2003 State Department report indicated improved freedom of religion in Serbia–Montenegro, and the peaceful coexistence of religious communities. In addition, the report does not mention that ethnic Sandjaks have had problems in Montenegro, noting instead that several members of the group served in government positions in 2003. Moreover, despite her contentions to the contrary, Purisic was offered the opportunity to testify as to "what conditions are like in Montenegro today," but professed

---

3. Purisic never argued that she warrants a humanitarian grant of relief under 8 C.F.R. § 1208.13(b)(1)(iii) based on the severity of past persecution. *See generally Matter of Chen,* 20 I. & N. Dec. 16 (BIA 1989). Accordingly, we deem any such claim unexhausted and waived.

no knowledge on the subject. Accordingly, because substantial evidence supports the IJ's conclusion that changed conditions in Montenegro undermined any fear of persecution Purisic may have had, the denial of her application for asylum and withholding of removal was proper. *Cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

■ Finally, we lack jurisdiction to consider Purisic's CAT claim, which she failed to exhaust before the BIA. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). Therefore, we dismiss the petition for review to that extent.

Accordingly, Purisic's petition for review is DENIED in part and DISMISSED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).